```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRENTICE COX,

                Plaintiff,

-against-

THE GREEN ROOM WV, LLC and
257 BLEECKER LLC,

                Defendants.

23-CV-01259 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    Pending before the Court is Defendant The Green Room WV, LLC's motion to dismiss Plaintiff Prentice Cox's complaint and Defendant 257 Bleecker LLC's cross-claims. Dkt. No. 46. For the foregoing reasons the Court GRANTS IN PART and DENIES IN PART Defendant The Green Room WV, LLC's motion.

### FACTS AND PROCEDURAL HISTORY

    Defendant 257 Bleecker Street LLC ("257 Bleecker") is the "owner, lessor and/or operator and managing agent" of premises located at 37 Cornelia Street, New York, NY 10014 ("the Premises"). Dkt. No. 1 ¶¶ 3, 8. Defendant The Green Room WV, LLC ("The Green Room") leased the Premises from 257 Bleecker and sold a "signature selection of medical marijuana-based products and creams." *Id.* ¶¶ 3, 6, 12. In order to enter the storefront of the Premises operated by The Green Room and owned by 257 Bleecker (together, "the Defendants"), customers must ascend two steps. *Id.* ¶ 12.

    Plaintiff Prentice Cox ("Plaintiff" or "Cox") is a paraplegic who uses a wheelchair for mobility. *Id.* ¶ 11. Plaintiff uses alternative medicine, including medical marijuana-based products, for pain management. *Id.* ¶ 12. Plaintiff attempted to enter the Premises on September

29, 2022 and February 6, 2023, as well as "various" other unspecified times, but was unable to do so because he could not ascend the two-step entrance of the Premises. *Id.* ¶¶ 12–13. "Plaintiff was forced to wait outside, unable to get anyone's attention to assist inside, and was embarrassed because a simple visit to the store [is] quite complicated." *Id.* ¶ 12.

Plaintiff initiated the above-captioned action on February 14, 2023 by filing a Complaint (Dkt. No. 1) that asserts claims under the Americans with Disabilities Act ("ADA"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL"). The Green Room answered the Complaint on August 10, 2023 and, in addition to asserting multiple affirmative defenses, *see* Dkt. No. 24 ¶¶ 40–63, asserts two crossclaims against 257 Bleecker, *see id.* ¶¶ 64–67. 257 Bleecker answered the Complaint on August 10, 2023, asserting multiple affirmative defenses, *see* Dkt. No. 26 at 6–7, and asserts a crossclaim against the Green Room for indemnification, *see id.* at 8–9.

On February 29, 2024, The Green Room moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Dkt. Nos. 46, 47, 48. 257 Bleecker opposed The Green Room's motion on March 12, 2024. Dkt. No. 55. Plaintiff opposed the motion on July 3, 2024. Dkt. Nos. 70, 71. The Green Room filed a reply in support of its motion to dismiss on August 7, 2024. Dkt. No. 74.

**DISCUSSION**

**I.    Legal Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).[1] When evaluating a Rule 12(c) motion, the court may consider the

---

[1] "Pleadings" include the operative complaint and Defendants' answers to the complaint. *See* Fed. R. Civ. P. 7(a); *see also Lively v. WAFRA Inves. Adv. Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021).

2

operative complaint, answers to the complaint, documents attached to the complaint or answer, and any matter of which the court may take judicial notice for the facts of the case. *L-7 Designs, Inc. v. Old Navy LLC*, 647 F.3d 419, 422 (2d Cir. 2011). "A complaint is 'deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.'" *Ironshore Specialty Ins. Co. v. Color Techniques, Inc.*, Case No. 1:23-cv-07526 (JLR), 2024 WL 3634860, at *3 (S.D.N.Y. Aug. 1, 2024) (quoting *L-7 Designs, Inc.*, 647 F.3d at 422). Here, the Court finds that the lease agreement between The Green Room and 257 Bleecker for the Premises is "integral to the complaint" and may properly be considered on the motion to dismiss.[2] *Id.*; *see also* Dkt. No. 1 at ¶¶ 3, 6, 8.

Motions pursuant to Rule 12(c) are governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 606 (2d Cir. 2024) (quoting *Am. Soc'y for the Prevention of Cruelty to Animals v. Animal & Plant Health Inspection Serv.*, 60 F.4th 16, 21 (2d Cir. 2023)); *see also Lively*, 6 F.4th at 301 ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." (internal reference omitted)).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim only has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] The Green Room and Plaintiff submitted a variety of extraneous documents—including emails, photographs, and discovery responses—in support of their motion to dismiss and opposition thereto, respectively. *See, e.g.*, Dkt. Nos. 47, 71. With the exception of the lease agreement between The Green Room and 257 Bleecker, the documents submitted in support of each party's position are improper for the Court to consider on a Rule 12(c) motion to dismiss.

3

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp.*, 550 U.S. at 558. The standard for surviving a motion to dismiss is not difficult to meet. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (the issue on a motion to dismiss is whether a plaintiff is entitled to offer evidence to support its claims, not whether the plaintiff will ultimately prevail). When ruling on a Rule 12(b)(6) motion, the district court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also Lively*, 6 F.4th at 301.

## II. The Green Room's Motion to Dismiss the Title III ADA Claim Asserted Against It is Granted

The only federal claim asserted by Plaintiff is a violation of Title III of the ADA. It is well settled, however, that "[a] private individual may only obtain injunctive relief for violations of a right granted under Tile III; he cannot recover damages." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004); *see also Brief v. Albert Einstein College of Med.*, 423 F. App'x 88, 90 (2d Cir. 2011) (finding the plaintiff's claim moot because Title III of the ADA "allows only for injunctive relief"); *De La Rosa v. Pure Green NYC 8th St. Corp.*, 18-cv-3456 (AJN), 2021 WL 7709963, at *1 (S.D.N.Y. Apr. 13, 2021) ("Title III of the ADA allows only injunctive relief, and so numerous courts have held that ADA claims are moot following a public place of accommodation's permanent closure.").

Here, the briefing before the Court presents a serious question as to whether the Court continues to have subject matter jurisdiction over Plaintiff's claims against The Green Room. Thus, although the instant motion is styled as a Rule 12(c) motion to dismiss, the Court will also

consider The Green Room's motion as a Rule 12(b)(1) motion for lack of subject matter jurisdiction. "If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (internal references omitted); *see also Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) ("Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." (internal references omitted)). "When a factual challenge to the Court's jurisdiction has been raised, 'the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." *Silva v. U.S. Citizenship and Immigr. Servs.*, No. 13-cv-8920 (VB), 2015 WL 2330304, at *2 (S.D.N.Y. Mar. 26, 2015) (quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

Here, The Green Room has permanently ceased operations, vacated the premises, and has no plans to return. *See, e.g.*, Dkt. No. 47-3 ¶ 6 ("The Premise was formally closed and shuttered by Green Room on or about January 26, 2024."); Dkt. No. 48 at 2 ("On January 26, 2024, while the suit was pending, GREEN ROOM vacated the Premises due to its inability to continue legally transacting business as a result of changes imposed by New York State on businesses engaged in the sale of hemp and/or cannabis products."); Dkt. No. 74 at 1–2 ("[The Green Room] actually and physically vacated the Premises[.]"). This unequivocal affirmation from Elliot Breslav, the owner and authorized representative of The Green Room, and the attached exhibits, makes it clear that The Green Room "cannot reasonably be expected to commit the same alleged violation at [the Premises]—the property that Plaintiff claims is not ADA compliant." *Antolini v. Kanter*, 19-cv-10567 (PGG) (RWL), 2020 WL 13833747, at *3

(S.D.N.Y. Sept. 28, 2020) (report and recommendation adopted) (finding that, on a motion to dismiss, a declaration from a tenant defendant "affirm[ed] unequivocally that the restaurant owned and operated by the Tenant Defendants . . . has closed permanently; that their lease has been terminated; and that they have permanently vacated the premises" was sufficient grounds on which to find that the requested injunctive relief was no longer available to plaintiff, which mooted his federal claim); *see also* Dkt. No. 47-3 ¶ 6. Although the Plaintiff claims that The Green Room may retain some possessory interest in the leasehold, *see* Dkt. No. 70 at 11–12, the record is devoid of any evidence that controverts the clear showing that the business in question has closed, the responsible parties surrendered the keys to the premises, and the vacancy has been advertised to other commercial tenants, *see* Dkt. No. 47-3 ¶¶ 5–10; Dkt. No. 47-3 at 52–62. In addition, nearly a year has passed since The Green Room closed this location, vacated the premises, and surrendered its lease; Plaintiff has submitted no evidence since that time that The Green Room has access to the premises or could re-open its retail business at that location.

Therefore, there is no live controversy with respect to the ADA claim asserted against The Green Room and the claim is moot, thus depriving the Court of subject matter jurisdiction. *See, e.g.*, *De La Rosa*, 2021 WL 7709963, at *1 (dismissing as Title III ADA claim where the defendant permanently closed the juice bar that was the subject of the suit); *Dunbar v. Empire Szechuan Noodle House Inc.*, 18-cv-9625, 2020 WL 2132339, at *3 (S.D.N.Y. May 5, 2020) (dismissing a Title III ADA claim where the defendant restaurant vacated the premises because "redress is no longer possible, [and] the ADA claim [has] become[] moot, depriving the court of subject matter jurisdiction, and must be dismissed"); *Flint v. Atl. Networks, LLC*, 18-cv-5534-ERK-SJB, 2020 WL 2393803, at *1 (E.D.N.Y. Feb. 28, 2020) ("In light of the remediation and

6

closure of the defendant restaurant, the ADA claim is moot, and the Court lacks subject matter jurisdiction, because there is no other federal claim and the parties are not diverse.").

Accordingly, Plaintiff's Title III ADA claim against The Green Room is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because there is no evidence that 257 Bleecker has sold, vacated, or abandoned the Premises, Plaintiff's Title III ADA claim against 257 Bleecker survives the instant motion.

### III. The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining Claims Against The Green Room

The Green Room next argues that "although Plaintiff's state and city claims against GREEN ROOM are subject to dismissal on the same mootness grounds as the ADA claim, GREEN ROOM respectfully submits that in keeping with Southern District precedent, where, as here, the Court lacks subject matter jurisdiction, the Court should also decline to exercise supplemental jurisdiction over them as against GREEN ROOM." Dkt. No. 48 at 5. Plaintiff disagrees, arguing that the remaining state and local law claims against The Green Room are not moot because, according to Plaintiff, the federal ADA claim against The Green Room is not moot. Dkt. No. 70 at 15.

The Court agrees with The Green Room. As discussed above, the only federal claim Plaintiff asserts against The Green Room has been dismissed, leaving only the state and local law claims that Plaintiff has asserted against The Green Room. "Because the only federal claim against [The Green Room] has been rendered moot, this Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state and local law claims." *Dunbar*, 2020 WL 2132339, at *4 (collecting cases); *see, e.g.*, *Antolini*, 2020 WL 13833747, at *4 ("Upon dismissal of the only

7

federal claim against the Tenant Defendants, the Court should decline to exercise supplemental jurisdiction over the state and local law claims against the Tenant Defendants as well."). Therefore, the Court declines to exercise supplemental jurisdiction over the state and local law claims asserted by Plaintiff against The Green Room, and will dismiss Plaintiff's NYSHRL and NYCHRL claims against The Green Room without prejudice.

### IV.     257 Bleecker's Crossclaims for Indemnification Survive the Motion to Dismiss

The Green Room next argues that 257 Bleecker's crossclaims for indemnification, *see* Dkt. No. 26 at 8–9, "should be dismissed because they are based on an unenforceable provision of the lease agreement and cannot state a claim upon which relief can be granted." Dkt. No. 48 at 5. The provision at issue in the lease agreement between Defendants reads:

> In addition to any other obligations in this lease, Tenant shall be responsible, at its sole cost to comply with all present and future requirements of the Americans with Disabilities Act of 1990 ("ADA") as they relate to the demised premises and access thereto. Tenant shall indemnify, defend and hold Landlord harmless from any and all cost, expense, liability, or obligation that may arise, or be imposed on the Tenant, Landlord, or the demised premises under the ADA. This indemnification shall include the defense of any action or proceeding (including the payment of attorney's fees and court costs) brought against Landlord by any party or individual alleging violation or non-compliance with the ADA, and payment of any liability arising out of such actions or proceedings.

Doc. 47-1 at 31. In opposition, 257 Bleecker argues that "[The] Green Room's argument is contradicted by the very language of the ADA" and that the "ADA undoubtedly permits indemnification provisions in landlord-tenant relations[.]" Dkt. No. 55 at 1–2.

The Court agrees with 257 Bleecker. By its express terms, the ADA permits "the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation" to "allocat[e] . . . responsibility for complying with the obligations" of the ADA under their "lease or other contract." 28 C.F.R. § 36.201(b); *see also Franco v. 380 Second LLC*, 22-cv-4011 (AS), 2024 WL 2832778, at *3

8

(S.D.N.Y. June 3, 2024); *Brown v. Brooklyn Indus. LLC*, 13-CV-3695 (RA), 2015 WL 1726489, at *2 (S.D.N.Y. Apr. 15, 2015) ("Indeed, the relevant interpretative regulation promulgated by the Department of Justice has long made clear that indemnities between landlords and tenants do not run afoul of the ADA").  That is exactly what The Green Room and 257 Bleecker have done here:  Defendants included a provision in their lease agreement that allocated responsibility to The Green Room for complying with the ADA.  This lease provision, therefore, is not grounds to dismiss 257 Bleecker's crossclaim against The Green Room.

Thus, The Green Room's motion to dismiss 257 Bleecker's crossclaims is denied.

## CONCLUSION

For the foregoing reasons, Defendant The Green Room's motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART.  Specifically, Plaintiff's ADA, NYSHRL, and NYCHRL claims asserted against The Green Room are dismissed without prejudice; 257 Bleecker's crossclaim asserted against The Green Room is not dismissed; and Plaintiff's ADA, NYSHRL, and NYCHRL claims asserted against 257 Bleecker are not dismissed.  The Clerk of Court is respectfully directed to terminate Dkt. No. 46.

Dated: December 10, 2024
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge