```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRENTICE COX,

                      Plaintiff,

-against-

THE GREEN ROOM WV, LLC AND, 257 BLEECKER LLC,

                      Defendants.

23-CV-01259 (MMG)

**ORDER GRANTING DEFAULT JUDGMENT**

MARGARET M. GARNETT, United States District Judge:

    This action was brought by Plaintiff Prentice Cox ("Plaintiff"), an individual with a disability, against The Green Room WV, LLC ("The Green Room"), and 257 Bleecker LLC ("257 Bleecker") under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et. seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296(2)(a).; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-107(4)(a), seeking injunctive and compensatory relief. *See* Dkt. No. 1. Presently before the Court are Plaintiff's and The Green Room's motions for default judgment, both against 257 Bleecker, and The Green Room's motion to dismiss 257 Bleecker's cross-claims. Dkt. Nos. 99, 103, 106. For the reasons stated herein, the Court GRANTS Plaintiff's motion for default judgment against 257 Bleecker, DENIES AS MOOT The Green Room's motion for default judgment, and GRANTS The Green Room's motion to dismiss 257 Bleecker's cross-claims against it for failure to prosecute.

**FACTUAL & PROCEDURAL BACKGROUND**

    257 Bleecker is the "owner, lessor and/or operator and managing agent" of a commercial space located at 37 Cornelia Street, New York, NY 10014 ("the Premises"). Dkt. No. 1 ¶ 8. The

1

Green Room occupied the Premises from April 30, 2021, to January 26, 2024, pursuant to a lease with 257 Bleecker. *See* Dkt. No. 26 ¶ 3; Dkt. No. 48 at 2. The Green Room sold a "signature selection of medical marijuana-based products and creams" on the Premises. Dkt. No. 1 ¶ 12. The Complaint alleges that Plaintiff, a paraplegic who uses a wheelchair for mobility, was unable to access the Premises because doing so required ascending two steps from the sidewalk level. *Id.*

Plaintiff commenced this action on February 14, 2023, by filing a Complaint against 257 Bleecker and The Green Room (together "Defendants"). *See* Dkt. No. 1. The case was originally assigned to the Honorable Jennifer L. Rochon. Defendants were both served on February 27, 2023. *See* Dkt. Nos. 6–7.[1] Defendants each filed answers on August 10, 2023 in which they asserted multiple affirmative defenses and filed cross-claims against each other, seeking to impose liability for Plaintiff's ADA claims.[2] *See* Dkt. Nos. 24, 26. In particular, 257 Bleecker sought to impose liability on The Green Room based on two clauses in the parties' lease: one assigning responsibility for ADA compliance and another indemnifying 257 Bleecker from, *inter alia*, all liability that may arise under the lease (the "Indemnification Clause").[3] On February 21, 2024, this case was reassigned to the undersigned.

---

[1] After several months requesting extensions of time to file answers and submit joint letters to the court, Magistrate Judge Sarah L. Cave, to whom the matter was referred by Judge Rochon for general pre-trial supervision, extended the time to respond to the Complaint to August 10, 2023. *See* Dkt. No. 23.

[2] In its answer, The Green Room claimed that if Plaintiff did sustain damages, "said damages were caused by the negligence, culpable conduct and/or wrongful acts of co-defendant, 257 Bleecker LLC[.]" Dkt. No. 24.

[3] Specifically, 257 Bleecker's cross-claim argued that its lease agreement with The Green Room provides that the tenant shall be responsible at its own cost to comply with the ADA, "and shall indemnify, defend and hold the landlord harmless from any and all costs, expenses, liability or obligation that may arise[.]" Dkt. No. 26.

On February 29, 2024, The Green Room filed a motion for a judgment on the pleadings, seeking to dismiss the Complaint and 257 Bleecker's cross-claims, pursuant to Fed. R. Civ. P. 12(c). *See* Dkt. Nos. 46–48. As grounds for the motion, The Green Room explained that it had vacated the Premises on January 26, 2024, "as a result of changes imposed by New York State on businesses engaged in the sale of hemp and/or cannabis products." Dkt. No. 48 at 2. The Green Room further argued that the Indemnification Clause was not permissible under the ADA. *See* Dkt. No. 48 at 5–6. On March 12, 2024, 257 Bleecker opposed The Green Room's motion, rejecting the argument that the Indemnification Clause was impermissible. *See* Dkt. No. 55.

On March 14, 2024, all parties appeared before the undersigned for a status conference. *See* Dkt. No. 59. On May 24, 2024, 257 Bleecker's counsel filed a Motion to Withdraw, citing 257 Bleecker's failure to provide necessary information in discovery and failure to fulfill its contractual obligation to counsel regarding payment. *See* Dkt. No. 66. The motion was initially denied by Judge Cave, *see* Dkt. No. 75, subsequently renewed by counsel, *see* Dkt. No. 77, and eventually granted by Judge Cave on September 4, 2024, *see* Dkt. No. 82. In her Order, Judge Cave reminded 257 Bleecker that "corporations *cannot* proceed *pro se*" and warned that "failure to retain new counsel could result in adverse consequences, including entry of default judgment against it." *Id*. Judge Cave further ordered that 257 Bleecker's new counsel file a Notice of Appearance by October 4, 2024. *Id*.

The October 4, 2024, deadline elapsed and no counsel appeared or otherwise responded on 257 Bleecker's behalf. On October 18, 2024, Judge Cave ordered Plaintiff and The Green Room to request Certificates of Default from the Clerk of Court. *See* Dkt. No. 84. Both Orders were served on 257 Bleecker via priority mail. *See* Dkt. Nos. 85–86.

3

On December 10, 2024, the undersigned granted in part and denied in part The Green Room's February 29, 2024, Motion for Judgment on the Pleadings pursuant to Rule 12(c). *See* Dkt. No. 95. Specifically, the Court dismissed Plaintiff's claims against The Green Room but declined to dismiss 257 Bleecker's cross-claims for ADA liability against The Green Room. *See id.* As a result of the Order, the only causes of action that remained in this case were Plaintiff's claims against 257 Bleecker, and the cross-claims between 257 Bleecker and The Green Room seeking to impose ADA liability on each other. *See id.*

On December 11, 2024, Judge Cave ordered Plaintiff and The Green Room to file motions for default judgment against 257 Bleecker. Dkt. No. 96. The parties filed their respective motions on January 30 and 31, 2025. *See* Dkt. Nos. 103–104. In a February 5, 2025 Order, the undersigned instructed 257 Bleecker to file any opposition to the motions for default judgment by March 7, 2025. *See* Dkt. No. 110. The Order also instructed Plaintiff and The Green Room to each serve the Order on 257 Bleecker. *See id.* Both parties served the Order on 257 Bleecker via priority mail on February 5, 2025. *See* Dkt. Nos. 111–12. As of the date of this Order, 257 Bleecker has not filed an opposition or otherwise responded to the parties or the Court, and no new counsel has appeared since Judge Cave granted prior counsel's request to withdraw.

On January 22, 2025, before the motions for default judgment had been filed, The Green Room filed a motion to dismiss 257 Bleecker's cross-claims, citing a failure to prosecute under Fed. R. Civ. P. Rule 41(b). *See* Dkt. Nos. 99–100.

4

# DISCUSSION

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), a party is in default when it has failed to plead or otherwise defend the case against it. Fed. R. Civ. P. 55(a). To obtain a judgment against the defaulting party, the moving party must undertake a two-step process. First, the moving party must obtain an entry of default from the Clerk of Court. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Second, the party must file an application for the Court to enter a judgment by default. *Id.*

The first step, seeking an entry of default, "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). However, while the entry of default establishes liability, it "is not an admission of damages." *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)."[4] *Mickalis Pawn Shop*, 645 F.3d at 128. A party can obtain a default judgement in the manner outlined in Rule 55(b).[5]

Because a party in default does not admit conclusions of law, a district court must first "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of

---

[4] Rule 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

[5] Rule 55(b)(1) allows the Clerk of the Court to enter a default judgment if the plaintiff's claim is for a certain, calculatable sum, and the defendant has failed to appear and is not a minor or incompetent person. *See* Fed. R. Civ. P. 55(b)(1). In all other cases, a party seeking a judgment by default must apply to the court for entry of a default judgment under Rule 55(b)(2).

law." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quoting *Finkel*, 577 F.3d at 84). The legal sufficiency of claims is analyzed under the plausibility standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, for the Court to grant a motion for default judgment, the Complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Belizaire*, 61 F. Supp. 3d at 344 (quoting *Twombly*, 550 U.S. at 570). If a Court finds that a complaint satisfies this standard, it may award damages. *See id.* at 345.

To secure a default judgment that includes damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Brown v. 3700 Deli & Grocery Inc.*, No. 19-CV-07160 (ALC), 2021 WL 289349, at *1 (S.D.N.Y. Jan. 27, 2021) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012)). A plaintiff can establish these damages through "detailed affidavits and documentary evidence." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

## II. DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST 257 BLEECKER

As a preliminary matter, Plaintiff and The Green Room have satisfied the first step under Rule 55(a): obtaining a default entry from the Clerk. *See* Dkt. Nos. 89, 93. In requesting a certificate of default, the parties clearly established that 257 Bleecker has "failed to . . . defend" itself in this action since May 28, 2024. Fed. R. Civ. P. 55(a); Dkt. Nos. 88, 92. In September 2024, Judge Cave specifically warned 257 Bleecker that a corporation cannot appear without counsel and "failure to retain new counsel could result in adverse consequences, including entry of default judgment against it." Dkt. No. 82; *see also Grace v. Bank Leumi Tr. Co. of N.Y.*, 443

F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F[ed]. R. Civ. P.") (internal references omitted). Thus, because it has failed to secure legal counsel, failed to respond to repeated orders of the Court, and failed to take any other steps to defend against this action or prosecute its cross-claims in over a year, 257 Bleecker is plainly in default. *See Mickalis Pawn Shop*, 645 F.3d at 130 ("Such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'") (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991)). The next step in the analysis is to assess each party's motion for default judgment to determine liability and damages, if any.

### A. Plaintiff's Motion for Default Judgment Against 257 Bleecker

#### 1. ADA Claim

To claim a violation of Title III of the ADA, a plaintiff must establish: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Circ. 2008).

Plaintiff has sufficiently established the elements required for an ADA claim. First, as an individual who requires a wheelchair for mobility, Plaintiff is disabled within the meaning of the ADA. *See* 28 C.F.R. § 36.105(d)(2)(iii)(D) (including "mobility impairments requiring the use of a wheelchair" in the definition of "disability" under the ADA); *see also* Dkt. No. 1 ¶ 11. Second, 257 Bleecker is the "owner, lessor and/or operator and managing agent of the real property where the Premises is located" and operated the Premises as a place of public

accommodation. Dkt. No. 1 ¶¶ 7–9; 42 U.S.C. § 12181(7) (defining a "sales . . . establishment" as a place of public accommodation). Third, 257 Bleecker has discriminated against Plaintiff by failing to "design and construct" a facility which is "readily accessible to and usable by individuals with disabilities" thus denying Plaintiff full and equal access to the premises. 42 U.S.C. § 12183(a)(1). Plaintiff was unable to enter the Premises due to the steps at its entrance. *See* Dkt. No. 1 ¶ 12. Accordingly, Plaintiff was "deterred from going to the Premises based on his knowledge of the barriers to access that exists." *See id.* at ¶ 13. Plaintiff has thus established a *prima facie* ADA claim.

    **2.    NYSHRL Claims**

Plaintiff also brings disability discrimination claims under the NYSHRL. *See* Dkt. No. 1. "A claim of disability discrimination under the New York State Human Rights Law . . . is governed by the same legal standards as govern ADA claims." *Rutledge v. Haru Inc.*, No. 20-CV-7641 (AJN), 2021 WL 4429328, at *2 (S.D.N.Y. Sept. 27, 2021) (quoting *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006)). Accordingly, Plaintiff has plausibly stated a claim for disability discrimination under the NYSHRL.

    **3.    NYCHRL Claims**

Finally, Plaintiff brings claims for disability discrimination under the NYCHRL. *See* Dkt. No. 1. "[B]ecause the NYCHRL is more protective than its state and federal counterparts, a claim is automatically stated under the NYCHRL if it is stated under the federal and state statutes." *Davis v. Wild Friends Foods, Inc.*, No. 22-CV-04244 (LJL), 2023 WL 4364465, at *10 (S.D.N.Y. July 5, 2023). Therefore, because Plaintiff has stated a claim under the ADA and NYSHRL, Plaintiff has also stated a claim under NYCHRL.

In sum, Plaintiff has sufficiently pled plausible allegations establishing liability under *Twombly* and *Iqbal*. Thus, default judgment may be GRANTED against 257 Bleecker for Plaintiff's ADA, NYSHRL, and NYCHRL claims.

**B. Remedies**

    **1. Injunctive Relief**

Under the ADA, "injunctive relief to compel architectural compliance" is the sole available remedy to a Plaintiff, other than discretionary attorney's fees. *Taylor v. 312 Grand St. LLC*, No. 15-CV-05410, 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016). Plaintiff seeks an injunction requiring 257 Bleecker to provide an expert report addressing "[t]he creation of an independently accessible entrance with appropriate slope and signage, and an independently accessible restroom." Dkt. No. 103 ¶ 27. Plaintiff then seeks to require 257 Bleecker to complete the work outlined in the Expert Report within 90 days of its issuance. *See id.*

It is important to note that because The Green Room vacated the Premises on January 26, 2024, and no longer operates on the Premises, Plaintiff could no longer enter the Premises for the purposes outlined in the Complaint. *See* Dkt. No. 106. However, as of the date of the default judgment motions, the Premises was under renovation to serve as a "coffee shop" called "Sugar and Plumm," Dkt. No. 103 ¶ 5, and as of May 16, 2025, it appears the Premises is occupied by a coffee shop called "Arcane Estate Coffee."[6] Accordingly, the Premises remains a place of public accommodation, *see* 42 U.S.C. § 12181(7)(B) (places of public accommodation include "a restaurant, bar, or other establishment serving food or drink"), and must "take measures to provide access to a place of public accommodation from public sidewalks, parking, or public

---

[6] Coffee Klatsch, *Grand Opening Arcane Estate, West Village*, https://coffeeklats.ch/event/grand-opening-arcane-estate-west-village/ (last visited August 4, 2025); Arcane Estate Coffee, https://arcaneestatecoffee.com/pages/visit (last visited August 4, 2025).

9

transportation. These measures include, for example, installing an entrance ramp . . ." 28 C.F.R. § 36.304(c)(1). Based on Department of Buildings filings, *see* Dkt. No. 103-8, and publicly available photographs, of which the Court takes judicial notice, the two steps from the sidewalk required to enter the Premises remain clearly visible and continue to make access for wheelchair-bound patrons impossible.[7]

The Record indicates that after The Green Room vacated the Premises but before the new tenant business opened, 257 Bleecker undertook to renovate the Premises and filed permits with the City of New York and The New York City Landmarks Preservation Commission. *See* Dkt. No. 103 ¶ 20. Nonetheless, it appears that 257 Bleecker did not take the necessary steps to bring the Premises into compliance with the ADA before it reopened. Accordingly, there is good cause to require both the provision of an Expert Report and the implementation of the recommendations of such Report to bring the Premises into compliance with the ADA.

Plaintiff also requests a permanent injunction, ordering 257 Bleecker to "cease all renovations of the Premises," until the Premises complies with ADA standards. Dkt. No. 103 ¶ 30. Such a requirement is infeasible, including because the Court has "no way of knowing from an architectural perspective whether the injunction that [is] issue[d] should require the necessary alterations in a week, which may be infeasible, or a year, which might be far too long." *Taylor v. 312 Grand St.*, 2016 WL 1122027, at *4. The Court therefore declines to issue the requested permanent injunction.

### 2. Monetary Damages (NYSHRL and NYCHRL)

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."

---

[7] "The Court generally has the discretion to take judicial notice of internet material." *Boarding Sch. Rev., LLC v. Delta Career Educ. Corp.*, No. 11-CV--08921 DAB, 2013 WL 6670584, at *1 (S.D.N.Y. Mar. 29, 2013).

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Court may only award damages where they can be ascertained with "reasonable certainty." *Id.* Here, Plaintiff requests "not less than [$1,500] in compensatory damages" under the NYSHRL and NYCHRL. Dkt. No. 103.

"The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." *Kreisler v. Second Ave. Diner Corp.*, 10-CV-07592 (RJS), 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), *aff'd*, 731 F.3d 184 (2d Cir. 2013) (internal references omitted); *see also Phillips v. Pizza*, No. 17-CV-06112 (JPO), 2018 WL 2192189, at *2 (S.D.N.Y. May 14, 2018) (awarding $1,000 for statutory violations of the NYSHRL and NYCHRL). Because Plaintiff has not alleged damages other than statutory violations, and the Court has granted default judgment against 257 Bleecker for violations of these two statutes, the Court awards Plaintiff $1,000 in damages.

### 3. Attorneys' Fees

Both the ADA and the NYCHRL allow a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs. 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(g). Plaintiff has requested attorneys' fees for the present matter but has not yet submitted documentation substantiating the request. Accordingly, Plaintiff shall submit appropriate documentation of attorneys' fees and costs incurred for the Court's consideration. If any supporting materials must be submitted *ex parte* to protect attorney-client privilege or work-product privilege, they may be submitted directly to the Court at GarnettNYSDChambers@nysd.uscourts.gov.

## C. The Green Room's Motion for Default Judgment and 257 Bleecker's Cross-Claim

Because the Court is entering a default judgment in favor of the Plaintiff against 257 Bleecker, and given the Court's prior granting of The Green Room's motion to dismiss as to the Plaintiff's claims against it, The Green Room's motion for default judgment against 257 Bleecker is DENIED AS MOOT. The Green Room's motion to dismiss 257 Bleecker's cross-claims against The Green Room for failure to prosecute is GRANTED.

The Green Room's motion to dismiss 257 Bleecker's cross-claims is brought under Federal Rule of Civil Procedure 41(b). In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)). Here, all five factors weigh in favor of dismissal.

As set forth above, 257 Bleecker has, for well over a year, withdrawn from participation in this matter, first by withdrawing from its relationship with its counsel and then by failing to retain new counsel or appear and participate in this action at all, despite repeated warnings by the Court of the consequences. *See, e.g.*, Dkt. No. 96. 257 Bleecker was served with the motions discussed in this opinion and their supporting papers, and the Court has allowed ample opportunity for 257 Bleecker to respond. *See* Dkt. Nos. 96, 110. No response or outreach has been forthcoming. The Court has a strong interest in managing its docket and moving this case to conclusion, and "cannot indefinitely wait" for 257 Bleecker to "turn [its] attention to this case"

and pursue its indemnification and contribution cross-claims against The Green Room. *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022). The Green Room vacated the Premises long ago and would be prejudiced by continuing to have the cross-claims hanging over it, particularly where there is nothing to suggest that 257 Bleecker is interested in pursuing those claims. Considering all the factors, the balance of interests weighs strongly in favor of dismissal, which, under the plain language of Rule 41(b), shall operate as an adjudication on the merits.

Accordingly, 257 Bleecker's cross-claims against The Green Room for indemnification and contribution are DISMISSED.

## CONCLUSION

1. For the reasons stated above, the Court GRANTS Plaintiff's motion for default judgment, DENIES AS MOOT The Green Room's motion for default judgment, and GRANTS The Green Room's motion to dismiss 257 Bleecker's cross-claims.

2. Within 90 days of the entry of this Order, 257 Bleecker shall provide an Expert Report to Plaintiff addressing "[t]he creation of an independently accessible entrance with appropriate slope and signage, and an independently accessible restroom." Dkt. No. 103 ¶ 27. 257 Bleecker is further ORDERED to complete the work outlined in the Expert Report within 90 days of its issuance.

3. Plaintiff is awarded $1,000 in compensatory damages.

4. Plaintiff is also awarded attorneys' fees and costs incurred, to be paid by 257 Bleecker. Plaintiff is directed to file an appropriate application for the amount of fees and costs within 60 days of the entry of this Order.

5. For the avoidance of doubt, The Green Room is relieved of any liability for the injunctive relief, compensatory damages, or attorneys' fees and costs awarded to Plaintiff.

Finally, Plaintiff and The Green Room shall serve a copy of this Opinion and Order on 257 Bleecker by August 22, 2025, and file an affidavit of service reflecting they have done so on the public docket by no later than August 26, 2025.

The Clerk of the Court is respectfully directed to terminate Dkt. Nos. 99, 103, and 104.

Dated: August 8, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge