UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRENTICE COX,

                Plaintiff,

    -v-

257 BLEECKER LLC,

                Defendant and Cross-
                Claimant,

    -v-

THE GREEN ROOM WV, LLC,

                Defendant and Cross-
                Defendant.

CIVIL ACTION NO. 23 Civ. 1259 (MMG) (SLC)

**REPORT AND RECOMMENDATION**

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE MARGARET M. GARNETT**, United States District Judge:

## I. INTRODUCTION

Plaintiff Prentice Cox ("Cox"), a disabled individual who uses a wheelchair, brought this action under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the "ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 (the "NYCHRL"). (Dkt. No. 1 (the "Complaint")). After the Honorable Margaret M. Garnett granted in part and denied in part the motion for judgment on the pleadings filed by Defendant The Green Room WV, LLC ("Green Room"), only Cox's claims against Defendant 257 Bleecker LLC ("257 Bleeker") and the cross-claims between 257 Bleecker and Green Room remained. See Cox v. The Green Room WV, LLC,

No. 23 Civ. 1259 (MMG), 2024 WL 5056180 (S.D.N.Y. Dec. 10, 2024) ("Cox I").[1]  After counsel for

257 Bleeker withdrew (see Dkt. No. 82) and 257 Bleeker failed to subsequently appear through

new counsel, Judge Garnett granted Cox's motion for default judgment against 257 Bleeker,

dismissed 257 Bleeker's cross-claims against Green Room, and directed Cox to file an application

for fees and costs.  See Cox v. The Green Room WV, LLC, No. 23 Civ. 1259 (MMG), 2025 WL

2298833 (S.D.N.Y. Aug. 8, 2025) ("Cox II").  Now before the Court is Cox's motion for attorneys'

fees and costs.  (Dkt. Nos. 121 (the "Motion"); 122).[2]

For the reasons set forth below, we respectfully recommend the Motion be GRANTED IN

PART AND DENIED IN PART such that Cox be awarded $52,064.00 in attorneys' fees and $602.00

in costs.

## II. BACKGROUND

We incorporate by reference the factual and procedural background set forth in Cox I,

2024 WL 5056180, at *1, and Cox II, 2025 WL 2298833, at *1–2.  We only set forth additional

background necessary to decide the Motion.  On August 8, 2025, Judge Garnett, granted Cox's

motion for default judgment, denied as moot Green Room's motion for default judgment, and

granted Green Room's motion to dismiss 257 Bleeker's cross-claims.  See Cox II, 2025 WL

2298833.

---

[1] Internal citations and quotations are omitted from case citations unless otherwise indicated.

[2] In the Motion, Cox also requests (i) an increase to his compensatory damages award, and (ii) an order directing 257 Bleeker to retain an ADA expert, obtain and produce a report identifying the property's violations, and remediate those violations. (Dkt. No. 121 at 13–14).  These requests are improper because they are outside the scope of the fee application that Judge Garnett permitted Cox to file in Cox II and referred to the undersigned.  (See Dkt. No. 122). See Cox II, 2025 WL 2298833, at *7.  To the extent that Cox asks the Court to reconsider its award of compensatory damages or renews his request for injunctive relief — which Judge Garnett already granted in Cox II, see id. — those requests should have been directed to Judge Garnett.

### III. DISCUSSION

### A. Entitlement to Attorneys' Fees

The ADA and the NYCHRL permit a successful plaintiff to recover reasonable attorneys' fees and costs.  See 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(g).  In Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182 (2d Cir. 2008), the Second Circuit articulated the method for calculating reasonable attorneys' fees:  a reasonable hourly rate multiplied by a reasonable number of hours extended on the work constitutes the "presumptively reasonable fee," also known as the "lodestar."  Id. at 183.  A court using the lodestar method sets the lodestar, then considers "whether, in light of variables such as the difficulty of the case, it should adjust the lodestar before settling on the reasonable fee . . . ."  Id. at 187.

Cox requests $93,552.50 in attorneys' fees (the "Requested Fees") for the work performed by his attorney, Bradly Marks.  (Dkt. No. 121 at 11; see Dkt. No. 121-2).  In support of this request, Cox submitted contemporaneous time records, which are required to evaluate the reasonableness of the Requested Fees.  See Morozov v. ICOBOX Hub Inc., No. 18 Civ. 3421 (GBD) (SLC), 2020 WL 5665639, at *8 (S.D.N.Y. May 5, 2020) (explaining that "a fee application should be supported by 'contemporaneous time records' relaying the rates charged and hours worked by each attorney") (quoting N.Y. State Ass'n for Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)).

### 1. Reasonable hourly rate

Cox requests an hourly rate of $575 for Mr. Marks.  (Dkt. Nos. 121 at 9; 121-1 ¶¶ 22–25). To determine whether an hourly rate is reasonable, the Second Circuit has instructed district

courts to "apply the prevailing rate within the district for similar services by lawyers of comparable experience and skill." Victor v. Sam's Deli Grocery Corp., No. 19 Civ. 2965 (SLC), 2022 WL 3656312, at *14 (S.D.N.Y. Aug. 25, 2022) (citing Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)).  A court may also adjust the hourly rate to account for case-specific variables such as:

> [i] the time and labor required; [ii] the novelty and difficulty of the questions; [iii] the skill requisite to perform the legal service properly; [iv] the preclusion of employment by the attorney due to acceptance of the case; [v] the customary fee; [vi] whether the fee is fixed or contingent; [vii] time limitations imposed by the client or the circumstances; [viii] the amount involved and the results obtained; [ix] the experience, reputation, and ability of the attorneys; [x] the "undesirability" of the case; [xi] the nature and length of the professional relationship with the client; and [xii] awards in similar cases.

Gamero v. Koodo Sushi Corp., 328 F. Supp. 3d 165, 173 (S.D.N.Y. 2018) (quoting Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983)).

In cases alleging violations of the ADA, courts in this District have awarded experienced civil rights attorneys rates of $350 to $400 per hour.  See Lopez v. 2100 2nd Ave LLC, No. 24 Civ. 1375 (JLR) (SN), 2025 WL 3898106, at *4 (S.D.N.Y. Dec. 18, 2025) (recommending hourly rate of $375 where plaintiff's attorney obtained judgment by default), adopted by, 2026 WL 37361 (S.D.N.Y. Jan. 6, 2026); Riley v. Rothman's Westside, LLC, No. 24 Civ. 3676 (RA), 2025 WL 2549080, at *3 (S.D.N.Y. Sept. 4, 2025) (reducing requested hourly rate to $350 in ADA case due to attorney's "substandard filings and the rates awarded in this district"); Indep. Project, Inc. v. Ventresca Bros. Constr. Co., Inc., 397 F. Supp. 3d 482, 496 (S.D.N.Y. 2019) (finding $400 hourly rate reasonable for ADA attorney with over 40 years' experience); Rogers v. Subotic LLC, No. 18 Civ. 1997 (JPO), 2019 WL 350259, at *2 (S.D.N.Y. Jan. 29, 2019) (finding $350 hourly rate reasonable for attorney with 13 years' experience);  Swartz v. HCIN Water St. Assocs., LLC, No. 17 Civ. 4187 (ER), 2018 WL 5629903, at *4 (S.D.N.Y. Oct. 31, 2018) (finding $400 hourly rate

reasonable for experienced ADA attorney).  In fact, some courts in this District have found that "awards exceeding $400 per hour are only warranted in unusually difficult and complex [civil rights] cases."  Id. at *4.

Mr. Marks attests that he has been a principal and managing attorney of the Marks Law Firm, P.C. for 15 years and has litigated more than 1,000 ADA cases.  (Dkt. No. 121-1 ¶¶ 7, 13).  Despite his extensive experience litigating ADA matters, his requested hourly rate of $575 exceeds the prevailing rates in this District set forth in the cases above, even for experienced counsel.  There is no indication that this case was particularly complex given the standard allegations of lack of premises accessibility.  (See Dkt. No. 1).  We also note that Cox prevailed against 257 Bleecker by way of default, and the Court stayed discovery pending settlement negotiations and the motion to dismiss.  (See Dkt. Nos. 64; 68).  See Cox II, 2025 WL 2298833.  Accordingly, we respectfully recommend that Mr. Marks's hourly rate be reduced to $400.

### 2.  Reasonable hours expended

Cox requests attorneys' fees for 162.7 hours of work performed by Mr. Marks.  (Dkt. Nos. 121-1 ¶ 19; 121-2).  The Court may compensate a party only for "hours reasonably expended on the litigation," and not for hours "that are excessive, redundant, or otherwise unnecessary."  See Hensley, 461 U.S. at 433–34.  Should the Court find that certain hours are excessive, the Court may deduct those hours, or, alternatively, simply "deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application."  Utica Leaseco, LLC v. Spatium Enter., LLC, No. 20 Civ. 4933 (JGLC) (SLC), 2025 WL 3243883, at *12 (S.D.N.Y. Oct. 15, 2025) (quoting Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)), adopted by, 2025 WL 3242950 (S.D.N.Y. Nov. 20, 2025).  "A party seeking attorneys' fees bears the burden of

supporting its claim of hours expended by accurate, detailed, and contemporaneous time records." Echevarria v. Insight Med., P.C., 102 F. Supp. 3d 511, 516 (S.D.N.Y. 2015).  Attorneys "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  Hensley, 461 U.S. at 437.  Although the records need not specify "the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney,"  U.S. Football League v. Nat'l Football League, 704 F. Supp. 474, 477 (S.D.N.Y.1989), aff'd, 887 F.2d 408 (2d Cir. 1989), the combination of multiple activities in a single time-entry, i.e., block-billing, may justify a percentage reduction to the block-billed entries based on the "inherent difficulties the Court would encounter in attempting to parse out whether the number of hours spent on the work performed was reasonable[.]"  Delshah 60 Ninth, LLC v. Free People of PA LLC, No. 20 Civ. 5905 (JMF) (SLC), 2025 WL 2412029, at *7 (S.D.N.Y. July 31, 2025).  "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  Utica, 2025 WL 3243883, at *12.

Here, Cox provided contemporaneous billing records reflecting that Mr. Marks performed 162.7 billable hours of work.  (Dkt. No. 121-2).  We have examined these records, including the hours expended, dates of work, and brief description of the work Mr. Marks performed and find that many of the entries consist of (i) block-billing, and (ii) administrative tasks billed at Mr. Marks' regular rate rather than a lower rate.

With respect to block-billing, for example, Mr. Marks billed 5.3 hours for a single entry for:  "review[,] revise, organize, research certain issues, re read lease, and exhibits for quotes, insert, set exhibit aside. [G]o through and draft[.]"  (Dkt. No. 121-2 at 6).  Mr. Marks also includes a single entry for both "follow[ing] up with [his] client about [the] mediation and next steps" and

6

"prep[aring the] framework for [a] letter . . ." (Id.)  Not only are these entries vague, but they also preclude the Court from being able to independently assess the reasonableness of the hours expended on each task, justifying a reduction.  See Match Grp. v. Beazley Underwriting Ltd., No. 22 Civ. 4629 (LGS) (SLC), 2023 WL 9603886, at *9 (S.D.N.Y. Dec. 21, 2023) (recommending reduction in hours where timekeepers' use of block billing "significantly hindered this Court's ability to understand how much time was devoted to particular tasks"), adopted by, 2024 WL 863468 (S.D.N.Y. Feb. 29, 2024); Bisnow LLC v. Lopez-Pierre, No. 20 Civ. 3441 (PAE) (SLC), 2022 WL 17540573, at *24 (S.D.N.Y. Nov. 2, 2022) (applying across-the-board percentage reduction in hours based on block billing and other billing deficiencies), adopted by, 2022 WL 17540349 (S.D.N.Y. Dec. 5, 2022).

Throughout the records, Mr. Marks also commonly billed his regular hourly rate for administrative tasks more appropriate for a paralegal, which also justifies a reduction.  (See, e.g., Dkt. No. 121-2 at 5 (billing for filing, downloading, printing, e-mailing, and mailing documents)).  See Delshah, 2025 WL 2412029, at *8 (recommending reduction in fees for administrative work senior attorney performed that was more appropriate for paralegal); BMaddox Enters. LLC v. Oskouie, No. 17 Civ. 1889 (RA) (SLC), 2023 WL 1418049, at *6 (S.D.N.Y. Jan. 6, 2023) (recommending reduction where partner billed at regular hourly rate for administrative tasks), adopted by, 2023 WL 1392075 (S.D.N.Y. Jan. 30, 2023).

Based on these issues with the billing records, which inhibit us from assessing the reasonableness of the hours recorded, we find that an across-the-board percentage reduction of 20% to the requested hours is warranted.  See Delshah, 2025 WL 2412029, at *9 (collecting cases applying 20% reduction for block-billing and other billing deficiencies).

Using the reasonable hourly rate of $400 determined above, the Court applies this reduction as follows:

| Requested Rate | Awarded Rate | Requested Hours | Hours Reduced by 20% | Total |
|---|---|---|---|---|
| $575 | $400 | 162.7 | 130.16 | $52,064.00 |

Accordingly, we respectfully recommend that Cox be awarded $52,064.00 in attorneys' fees.

**B.  Entitlement to Costs**

Under both the ADA and the NYCHRL, Cox may also recover reasonable costs in this action.  See 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(g).  Cox seeks an award of $602 in costs for the filing and service of process fees incurred in this action.  (Dkt. Nos. 121 at 11–12; 121-2 at 16).  Cox has substantiated his costs in the amount of $602 with contemporaneous documentation showing that Mr. Marks paid the amounts for which Cox now seeks reimbursement.  (Dkt. Nos. 121-2 at 16; 121-3).  See Sanchez v. JYP Foods Inc., No. 16 Civ. 4472 (JLC), 2018 WL 4502008, at *17 (S.D.N.Y. Sept. 20, 2018) (noting that adequate substantiation is required for an award of costs); Raymond James & Assocs., Inc. v. Vanguard Funding, LLC, No. 17 Civ. 3327 (VSB) (SDA), 2018 WL 8758763, at *6 (S.D.N.Y. Apr. 16, 2018) (awarding documented expenses for filing and service of process fees), adopted by, 2019 WL 2281275 (S.D.N.Y. May 28, 2019).  In addition, the Court may take judicial notice of the filing fees reflected on the docket as support for an award of those costs.  See Cawthon v. Cong Ty Co. Phan Tap Doan Apec Viet Nam, No. 22 Civ. 7396 (VSB) (OTW), 2024 WL 5452618, at *10 (S.D.N.Y. Dec. 16, 2024) (taking judicial notice of filing fee and awarding costs in that amount), adopted by, 2025 WL 722711 (S.D.N.Y. Mar. 6, 2025); Whitehead v. Mix Unit, LLC, No. 17 Civ. 9476 (VSB) (JLC), 2019 WL 384446, at *6

(S.D.N.Y. 2019) (same), adopted by, 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019); Accordingly, we respectfully recommend that Cox be awarded costs in the amount of $602.

### IV. CONCLUSION

For the reasons set forth above, we respectfully recommend that the Motion GRANTED IN PART AND DENIED IN PART such that such that Cox be awarded $52,064.00 in attorneys' fees and $602.00 in costs.

Dated:        New York, New York
              March 13, 2026

_____
SARAH L. CAVE
United States Magistrate Judge

9

\*                       \*                        \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Garnett.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

10